IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSEPH WILLIAMS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) CRIMINAL NO. 5:19-cr-30-2 (MTT) |
| | ) |
| | ) CIVIL ACTION NO. 5:21-cv-370-(MTT) |
| UNITES STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

United States Magistrate Judge Charles H. Weigle recommends denying Movant Joseph Williams's motion (Docs. 149; 153; 162) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 165. Because Williams has not "made a substantial showing of the denial of a constitutional right," the Magistrate Judge also recommends denying a certificate of appealability. Doc. 165 at 16. Williams has not objected, so pursuant to 28 U.S.C. § 636(b)(1) the Court reviews the Recommendation for clear error.

Williams claims he is entitled to relief under 28 U.S.C. § 2255 based on (1) misapplication of the sentencing guidelines; (2) constitutional issues related to his arrest and imprisonment; and (3) ineffective assistance of counsel. Docs. 153 at 4-6; 153-1 at 2-8. But none of these arguments warrant relief under § 2255. Williams is procedurally barred from challenging his sentence under 28 U.S.C.§ 2255, because he has failed to challenge his sentence through direct appeal. *McKay v. United States*, 657 F.3d 1190,

1196 (11th Cir. 2011) (holding petitioner's claim he was "erroneously sentenced as a career offender" was procedurally barred when he did not directly appeal his sentence). Section 2255 is not a substitute for appeal, and claims not raised on appeal generally are procedurally defaulted, meaning they "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Neither of which are present in this case.[1]

Moreover, relief is granted under 28 U.S.C. § 2255 only for issues pertaining to the legality of an individual's conviction or sentence. *See* 28 U.S.C. § 2255(a). Williams's constitutional claims regarding his arrest and detention are unrelated to his sentence or conviction and thus ineligible for relief under.§ 2255. Even if they were somehow related, Williams's claim would be procedurally defaulted, because he could have raised this clam on direct appeal and failed to do so. The ineffective assistance of counsel claim fails too on the merits. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Chandler v. United States*, 218 F.3d 1305,1312-13 (11th Cir. 2000). Williams fails to show how his counsel's performance was deficient or otherwise resulted in prejudice and thus is not entitled to relief under § 2255.

---

[1] Even without a motion for a two-level downward departure, to which Williams claims he is entitled, Williams was sentenced below the statutory maximum and within the calculated guidelines. *See Spencer v. United States*, 773 F.3d 1132, 1138-39 (11th Cir. 2014) (stating a petitioner "sentenced below the statutory maximum" cannot show a "complete miscarriage of justice" through a sentencing error without proving "either actual innocence of his crime or the vacatur of a prior conviction"); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979) (holding a "lawful" sentence did not constitute a "complete miscarriage of justice" necessary for a collateral attack under 28 U.S.C. § 2255); *United States v. Brumlik*, 947 F.2d 912, 913-14 (11th Cir. 1991) (holding "[a] sentencing judge's refusal to make a downward departure" was not reviewable when the petitioner was sentenced "within the applicable guideline in the absence of a … motion for a downward departure").

-3-

Accordingly, after review, the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 165) is **ADOPTED** and made the Order of the Court.  Thus, Williams's motion to vacate, set aside or correct his sentence (Docs. 149; 153; 162) is **DENIED**.  As recommended by the Magistrate Judge, a certificate of appealability is also **DENIED**.

**SO ORDERED**, this 7th day of September, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
